BENJAMIN S. SEIGEL (Cal. State Bar No. 59992)
MICHAEL L. WACHTELL (Cal. State Bar No. 47218)
AUSTIN K. BARRON (Cal. State Bar No. 204452)
BUCHALTER NEMER
A Professional Corporation
1000 Wilshire Blvd., 15th Floor
Los Angeles, California 90017
Telephone: (213) 891-0700
Facsimile: (213) 896-0400
Email: bseigel@buchalter.com
       mwachtell@buchalter.com
       abarron@buchalter.com

**[Proposed]** Counsel for
DAVID SEROR, CHAPTER 7 TRUSTEE

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO DIVISION

| | |
|---|---|
| In re | Case No. 1:09-12032-MT |
| Double S Development LLP | Chapter 7 |
| Debtor. | |
| DAVID SEROR, Chapter 7 Trustee for Double S Development LLP, | Case No. 1:09-12032-MT |
| Plaintiff, | COMPLAINT FOR: |
| vs. | (1) – (8) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS; |
| DSD HOMES, LLC, a Texas limited liability company, SYNDICATE EXCHANGE CORPORATION, a Texas Corporation, DROY PROPERTIES, LLC, a Texas limited liability company, DAVID SILBERSTEIN, STEPHEN FADEN and DOES 1 through 100, inclusive, | (9) AVOIDANCE AND RECOVERY OF PREFERENCES; |
| | (10) – (11) AVOIDANCE AND RECOVERY OF POST PETITION TRANSFERS; |
| | (12) TURNOVER OF PROPERTY OF THE BANKRUPTCY ESTATE; |
| Defendants | (13) DECLARATORY RELIEF – TITLE TO THE CONROE PROPERTY; |
| | (14) DECLARATORY RELIEF - ALTER-EGO; |
| | (15) QUIET TITLE; |

(16) DISALLOWANCE OF CLAIMS;

(17) BREACH OF FIDUCIARY DUTY;

(18) CONSPIRACY TO DEFRAUD; AND

(19) CONSTRUCTIVE TRUST

David Seror, as Chapter 7 Trustee ("Seror" or the "Trustee" or the "Plaintiff") to the estate of the above-captioned debtor ("Double S" or the "Debtor") hereby alleges as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and (b) and 1334(b) and 11 U.S.C. §§ 541, 542, 547, 548, 549, 550 and 551. This adversary proceeding arises in a case filed under Chapter 7 of Title 11 of the United States Code, encaptioned *In re Double S Development LLC*, Case No. 1:09-12032-MT, now pending in the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division. This Complaint for the recovery of fraudulent transfers; the recovery of preferences; avoidance and recovery of post-petition transfer; turnover of property of the bankruptcy estate; declaratory relief, quiet title and disallowance of claims commences an adversary proceeding pursuant to Rules 7001 et seq. of the Federal Rules of Bankruptcy Procedure.  This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (F), (H), (K) and (O) because it is an action to administer the estate, to recover property of the estate and to avoid transfers thereof and liens and interests therein; for declaratory relief; to quiet tile and for the disallowance of claims.

2.      Venue is proper in this Court under 28 U.S.C. § 1409(a) because this adversary proceeding arises in a case under Title 11 of the United States Code now pending in this Court.

///

///

**THE PARTIES**

3.      Plaintiff Seror is the duly qualified and acting Chapter 7 Trustee in this case.

4.      Defendant DSD Homes, LLC ("DSD") is a Texas limited liability company and an affiliate of the Debtor.

5.      Defendant Syndicate Exchange Corporation ("Syndicate") is a Texas limited liability company and an affiliate of the Debtor.

6.      Defendant Droy Properties, LLC ("Droy") is a Texas limited liability company and an affiliate of the Debtor.

7.      Defendant David Silberstein ("Silberstein") is a natural person and the owner, manager or other controlling person of the Debtor and of defendants DSD, Syndicate, Droy and, on information and belief, one or more Doe defendants.

8.      Defendant Stephen Faden ("Faden" and, together with the other defendants, the "Defendants") is a natural person and may, on information and belief, presently claim to hold some right, title or interest in or to some or all of the Conroe Properties (as defined below).

9.      DOES 1 through 100 are fictitious designations for persons or entities who claim an interest in the Conroe Properties (as defined below) and/or participated with other named Defendants in the acts and omissions of the other named Defendants and/or that are jointly and severally liable with the other Defendants and/or are vicariously liable for the other Defendants. The identities of these persons and entities are not currently known.

10.     At all times discussed herein, each of the Defendants is and was the agent, servant, employee and co-conspirator of each of the remaining Defendants, and in doing all things alleged, was at all times acting within the scope of said relationship.

**FACTUAL BACKGROUND**

11.     Prior to the commencement of this bankruptcy case on February 25, 2009 (the "Petition Date"), the Debtor held title to certain real property located in Conroe, Montgomery County, Texas (the "Conroe Property").  A true and correct copy of the legal description of the Conroe Property is attached hereto as **Exhibit A**).

12. On information and belief, Silberstein, acting alone or in conjunction with the other Defendants, has engaged in numerous sham transactions with respect to the Debtor and the Conroe Property that were or are fraudulent with respect to the then-existing and future creditors of the Debtor.

13. In or about February 2004, Defendant Silberstein caused the Debtor to transfer the Conroe Property to Defendant DSD. Plaintiff is informed and believes, and on that basis alleges that at the time of this transfer of the Conroe Property, the Debtor was insolvent and said transfer was for less than reasonably equivalent value.

14. Plaintiff is informed and believes, and on that basis alleges, that at the time of the transfer from the Debtor to DSD, the Conroe Property was security for certain obligations, including that certain Real Estate Lien Note, dated January 19, 1999, in favor of International Bank of Commerce in the original principal amount of $2,500,000.00 (the "Commerce Note"). The Commerce Note was secured by a deed of trust on the Conroe Property. In or about September 2004, Defendant Silberstein, by and through Defendant Syndicate, purchased the Commerce Note. Thereafter, Silberstein orchestrated an alleged default of the Commerce Note so as to cause a foreclosure of the Commerce deed of trust. Thereafter, at a purported foreclosure sale, Syndicate "purchased" the Conroe Property for approximately $900,000.00, the remaining balance of the Commerce Note. Plaintiff is informed and believes, and on that basis alleges, that the purported foreclosure by Syndicate was a sham transaction effectuated to defraud the then existing and future creditors of the Debtor.

15. Plaintiff is informed and believes, and on that basis alleges, that in or about late 2005, a judgment was recorded against Syndicate, and Syndicate's interest in the Conroe Property. At or about the time that this judgment was recorded, Defendant Silberstein caused the Conroe Property to be transferred from Syndicate to Droy. Plaintiff is informed and believes, and on that basis alleges, that the transfer of the Conroe Property from Syndicate to Droy was a sham transaction, was for less than reasonably equivalent value and was effectuated to defraud the then existing and future creditors of the Debtor and the other Defendants.

16.    Plaintiff is informed and believes, and on that basis alleges, that in or about November 2008, Silberstein caused a lien to be placed on the Conroe Property to secure a purported loan in the approximate amount of $810,000.00 from Defendant Faden (the "Faden Lien").  Plaintiff is informed and believes, and on that basis alleges, that the purported lien in favor of Faden was a sham and that there was no underling obligation which the Faden Lien purported to secure.  Therefore, the Faden Lien was a sham lien and was an attempt by Silberstein and the other Defendants to further obscure title or attempt to hide such assets from the creditors of the Debtor and that this transaction was merely the latest in a series of fraudulent and sham transactions masterminded by Silberstein and the other Defendants to shield the Conroe Property from the claims of, among others, the creditors of the Debtor.

17.    Plaintiff is informed and believes, and on that basis alleges, that the Debtor, acting by and through Silberstein and acting alone or in conjunction with the other Defendants, engaged in numerous sham transactions, including but not limited to the transactions herein described, with respect to the Debtor and the Conroe Property that were or are fraudulent with respect to the then-existing and then-future creditors of the Debtor.  Specifically, the Debtor and the Defendants (a) transferred personal property or interests therein, including cash, cash equivalents and other liquid assets (the "Cash Assets"), between and among themselves; (b) caused further transfers of the Conroe Property and/or the Cash Assets to further obscure title or attempt to hide such assets from the creditors of the Debtor; (c) obtaining loans or incurring other obligations on the basis of fraudulently prepared balance sheets falsely, and/or (d) otherwise transferring assets in and/or creating liabilities by and against the Debtor, Silberstein, DSD, Syndicate, Droy and/or other Defendants with no respect for their separate corporate identities.

18.    Plaintiff is informed and believes, and on that basis alleges, that at all times herein mentioned the Debtor, Silberstein, DSD, Syndicate, Droy and/or other Defendants acted as alter-egos of one another in perpetrating the foregoing frauds and other actions described in this Complaint.  Plaintiff is further informed and believes, and on that basis alleges, that as a result of foregoing frauds and other actions described in this Complaint, the Defendants would be unjustly

1   enriched by retaining the benefits thereof, and Plaintiff is entitled to the benefits of a constructive

2   trust thereon in favor of the Debtor.

3        19.      On or about June 15, 2009, the Superior Court for the County of Los Angeles

4   entered orders, *inter alia*, setting aside as knowingly fraudulent the transfer of the Conroe

5   Property away from the Debtor and subsequent transfers of the Conroe Property, or interests

6   therein, as set forth in Paragraphs 12-14 herein.  The Court also entered orders permanently

7   enjoining Defendants Silberstein, DSD, Syndicate and Droy from further transferring or

8   hypothecating the Conroe Property absent further order of that Court.  Attached as **Exhibit B** is a

9   true and correct copy of the Superior Court's Final Decision, entered on or about May 7, 2009.

10  Attached as **Exhibit C** is a true and correct copy of Order for Permanent Injunction entered by the

11  Superior Court on or about June 11, 2009.  Attached as **Exhibit D** is a true and correct copy of

12  Order Setting Aside Transfer of Property entered by the Superior Court on or about June 15,

13  2009.     Attached as **Exhibit E** is a true and correct copy of the Judgment and Permanent

14  Injunction entered by the Superior Court on or about June 15, 2009.

15       20.      In the Superior Court's Final Decision (attached as **Exhibit B**) the Court found

16  that Silberstein was the alter-ego of the Debtor.  The Court further found that the Debtor was

17  never reasonably capitalized, that Silberstein used the Debtor as a shell or conduit for the benefit

18  of Silberstein and/or his related entities, and that the Silberstein disregarded the legal formalities

19  of the corporate structure of the Debtor and transferred the assets in question for the purpose of

20  avoiding creditors.

21                              **FIRST CLAIM FOR RELIEF**

22        **(Avoidance of Fraudulent Transfer with Actual Intent to Defraud a Creditor)**

23       21.      Plaintiff repeats, realleges and incorporates by this reference the allegations set

24  forth in Paragraphs 1 through 20 of this Complaint.

25       22.      Plaintiff is informed and believes, and based thereon alleges, that Debtor

26  transferred, and/or that Silberstein caused Debtor to transfer, the Debtor's interest in the Conroe

27  Property and/or the Cash Assets to DSD in a scheme that had as its purpose the actual intent to

28  hinder, delay and defraud the present and future creditors of the Debtor.

23.     Plaintiff is informed and believes, and on that basis alleges, that when DSD took title to the Conroe Property, it did not take title in good faith or for value.

24.     The Debtor did not receive consideration in reasonably equivalent value from DSD in exchange for title to the Conroe Property.

25.     The transfer to DSD by the Debtor of its ownership interest in the Conroe Property was effectuated in such a way so as to conceal the transaction from creditors of the Debtor and was made for the benefit of DSD.

26.     Plaintiff may avoid Debtor's transfer to DSD of its ownership interest in the Conroe Property under 11 U.S.C. § 548 (a)(1)(A) and California Civil Code § 3934.04(a)(1) which is made applicable under 11 U.S.C. § 544(b)(1).  The aforementioned transfer was received by DSD with the knowledge that it was fraudulent and voidable.

## SECOND CLAIM FOR RELIEF

### (Avoidance of Fraudulent Transfers for Less than Reasonably Equivalent Value)

27.     Plaintiff repeats, realleges and incorporates by this reference the allegations set forth in Paragraphs 1 through 26 of this Complaint.

28.     Plaintiff is informed and believes, and based thereon alleges, that the Debtor transferred, and/or that Silberstein caused Debtor to transfer, the Debtor's interest in the Conroe Property and/or the Cash Assets to DSD while the Debtor was insolvent, was not generally paying its debts as they came due, was engaged in, or about to become engaged in, business or a transaction for which its remaining capital was unreasonably small, or intended to incur or believed it would incur debts that would be beyond its ability to pay as such debts matured.

29.     Plaintiff is informed and believes, and based thereon alleges, that Debtor transferred, and/or that Silberstein caused Debtor to transfer, the Debtor's interest in the Conroe Property and/or the Cash Assets for less than reasonably equivalent value.

30.     The transfer of the Debtor's interest in the Conroe Property to DSD and/or the Cash Assets are avoidable under 11 U.S.C. § 548(a)(1)(B) and California Civil Code § 3439.04(a)(2) as made applicable by 11 U.S.C. 544(b)(1).  The transfer to DSD of the Debtor's

interest in the Conroe Property was made to or for the benefit of DSD and DSD received such

transfers and obligations or the benefits of such transfers with knowledge of their voidability.

### THIRD CLAIM FOR RELIEF

**(Avoidance of Fraudulent Transfer with Actual Intent to Defraud a Creditor)**

31.    Plaintiff repeats, realleges and incorporates by this reference the allegations set

forth in Paragraphs 1 through 30 of this Complaint.

32.    Plaintiff is informed and believes, and based thereon alleges, that the transfer of

title to the Conroe Property from DSD to Syndicate was effectuated pursuant to a sham

foreclosure in furtherance of a scheme that had as its purpose the actual intent to hinder, delay

and defraud the present and future creditors of the Debtor, to wipe out junior liens, to obscure title

to the Conroe Property and to defraud the creditors of the Debtor.

33.    Based on the Orders of the Superior Court in Los Angeles County, and the

allegations contained herein, DSD was not the rightful holder of title to the Conroe Property at the

time the purported foreclosure sale occurred.

34.    Plaintiff is informed and believes, and on that basis alleges, that when Syndicate

took title to the Conroe Property, it did not take title in good faith or for value.

35.    DSD did not receive consideration in reasonably equivalent value from Syndicate

in exchange for title to the Conroe Property.

36.    The transfer to Syndicate by the DSD of its ownership interest in the Conroe

Property was effectuated in such a way so as to conceal the transaction from creditors of the

Debtor and DSD and was made for the benefit of Syndicate.

37.    Plaintiff may avoid DSD's transfer to Syndicate of its ownership interest in the

Conroe Property as a subsequent transferee of a fraudulent transfer under 11 U.S.C. §§ 548

(a)(1)(A) and 550 and California Civil Code § 3934.04(a)(1) which is made applicable under 11

U.S.C. § 544(b)(1).  The aforementioned transfer was received by Syndicate with the knowledge

that it was fraudulent and voidable.

///

///

**COMPLAINT**

**FOURTH CLAIM FOR RELIEF**

**(Avoidance of Fraudulent Transfers for Less than Reasonably Equivalent Value)**

38.     Plaintiff repeats, realleges and incorporates by this reference the allegations set forth in Paragraphs 1 through 37 of this Complaint.

39.     Plaintiff is informed and believes, and based thereon alleges, that DSD transferred, and/or that Silberstein caused DSD to transfer, an interest in the Conroe Property and/or the Cash Assets to Syndicate while the Debtor was insolvent, was not generally paying its debts as they came due, was engaged in, or about to become engaged in, business or a transaction for which its remaining capital was unreasonably small, or intended to incur or believed it would incur debts that would be beyond its ability to pay as such debts matured.

40.     Plaintiff is informed and believes, and based thereon alleges, that DSD transferred, and/or that Silberstein caused DSD to transfer, an interest in the Conroe Property and/or the Cash Assets for less than reasonably equivalent value.

41.     Plaintiff may avoid DSD's transfer to Syndicate of its ownership interest in the Conroe Property as a subsequent transferee of a fraudulent transfer under 11 U.S.C. §§ 548(a)(1)(B) and 550 and California Civil Code § 3439.04(a)(2) as made applicable by 11 U.S.C. 544(b)(1).  The transfer to Syndicate of an interest in the Conroe Property was made to or for the benefit of Syndicate and Syndicate received such transfers and obligations or the benefits of such transfers with knowledge of their voidability.

**FIFTH CLAIM FOR RELIEF**

**(Avoidance of Fraudulent Transfer with Actual Intent to Defraud a Creditor)**

42.     Plaintiff repeats, realleges and incorporates by this reference the allegations set forth in Paragraphs 1 through 41 of this Complaint.

43.     Plaintiff is informed and believes, and based thereon alleges, that Syndicate transferred, and/or that Silberstein caused Syndicate to transfer, Syndicate's interest in the Conroe Property and/or the Cash Assets to Droy in a scheme that had as its purpose the actual intent to hinder, delay and defraud the present and future creditors of the Debtor.  The transfer of title to

the Conroe Property to Droy was effectuated in scheme to wipe out junior liens, obscure title to

the Conroe Property and defraud the creditors of the Debtor.

44.    -Based on the Orders of the Superior Court in Los Angeles County, and the

allegations contained herein, Syndicate was not the rightful holder of title to the Conroe Property

at the time of the purported transfer to Droy.

45.    Plaintiff is informed and believes, and on that basis alleges, that when Droy took

title to the Conroe Property, it did not take title in good faith or for value.

46.    -Syndicate did not receive consideration in reasonably equivalent value from Droy

in exchange for title to the Conroe Property.

47.    The transfer to Droy by Syndicate of its ownership interest in the Conroe Property

was effectuated in such a way so as to conceal the transaction from creditors of the Debtor, DSD

and Syndicate and was made for the benefit of Droy.

48.    Plaintiff may avoid Syndicate's transfer to Droy of its ownership interest in the

Conroe Property as a subsequent transferee of a fraudulent transfer under 11 U.S.C. §§ 548

(a)(1)(A) and 550 and California Civil Code § 3934.04(a)(1) which is made applicable under 11

U.S.C. § 544(b)(1).  The aforementioned transfer was received by Droy with the knowledge that

it was fraudulent and voidable.

## SIXTH CLAIM FOR RELIEF

### (Avoidance of Fraudulent Transfers for Less than Reasonably Equivalent Value)

49.    Plaintiff repeats, realleges and incorporates by this reference the allegations set

forth in Paragraphs 1 through 48 of this Complaint.

50.    Plaintiff is informed and believes, and based thereon alleges, that Syndicate

transferred, and/or that Silberstein caused Syndicate to transfer, an interest in the Conroe Property

and/or the Cash Assets to Droy while the Debtor was insolvent, was not generally paying its debts

as they came due, was engaged in, or about to become engaged in, business or a transaction for

which its remaining capital was unreasonably small, or intended to incur or believed it would

incur debts that would be beyond its ability to pay as such debts matured.

**COMPLAINT**

51.    Plaintiff is informed and believes, and based thereon alleges, that Syndicate transferred, and/or that Silberstein caused Syndicate to transfer, an interest in the Conroe Property and/or the Cash Assets for less than reasonably equivalent value.

52.    Plaintiff may avoid DSD's transfer to Syndicate of its ownership interest in the Conroe Property as a subsequent transferee of a fraudulent transfer under 11 U.S.C. §§ 548(a)(1)(B) and 550 and California Civil Code § 3439.04(a)(2) as made applicable by 11 U.S.C. 544(b)(1).  The transfer to Droy of an interest in the Conroe Property was made to or for the benefit of Droy and Droy received such transfers and obligations or the benefits of such transfers with knowledge of their voidability.

## SEVENTH CLAIM FOR RELIEF

### (Avoidance of Fraudulent Transfer with Actual Intent to Defraud a Creditor)

53.    Plaintiff repeats, realleges and incorporates by this reference the allegations set forth in Paragraphs 1 through 52 of this Complaint.

54.    Plaintiff is informed and believes, and based thereon alleges, that Droy executed, and/or that Silberstein caused Droy to execute, a deed of trust in favor of Defendant Faden to secure Droy's repayment of a loan purportedly made by Faden to Droy.  Pursuant to that deed of trust, in or about June 2009, Faden declared Droy in default and foreclosed on the deed of trust securing said obligation.

55.    Plaintiff is informed and believes, and on that basis alleges, that the transfer of title to the Conroe Property from Droy to Faden was effectuated pursuant to a sham foreclosure in furtherance of a scheme that had as its purpose the actual intent to hinder, delay and defraud the present and future creditors of the Debtor, to wipe out junior liens, to obscure title to the Conroe Property and to defraud the creditors of the Debtor.

56.    Based on the Orders of the Superior Court in Los Angeles County, and the allegations contained herein, Droy was not the rightful holder of title to the Conroe Property at the time the purported foreclosure sale occurred or at the time Droy executed the deed of trust in favor of Faden.

57.     Plaintiff is informed and believes, and on that basis alleges, that when Faden took title to the Conroe Property, it did not take title in good faith or for value.

58.     Droy did not receive consideration in reasonably equivalent value from Faden in exchange for the deed of trust executed in favor of Faden or for title to the Conroe Property.

59.     The transfer to Faden by Droy of its ownership interest in the Conroe Property was effectuated in such a way so as to conceal the transaction from creditors of the Debtor and the Defendants and was made for the benefit of Faden.

60.     Plaintiff may avoid Droy's transfer to Faden of its ownership interest in the Conroe Property as a subsequent transferee of a fraudulent transfer under 11 U.S.C. §§ 548 (a)(1)(A) and 550 and California Civil Code § 3934.04(a)(1) which is made applicable under 11 U.S.C. § 544(b)(1).  The aforementioned transfer was received by Syndicate with the knowledge that it was fraudulent and voidable.

## EIGHTH CLAIM FOR RELIEF

### (Avoidance of Fraudulent Transfers for Less than Reasonably Equivalent Value)

61.     Plaintiff repeats, realleges and incorporates by this reference the allegations set forth in Paragraphs 1 through 60 of this Complaint.

62.     Plaintiff is informed and believes, and based thereon alleges, that Droy transferred, and/or that Silberstein caused Droy to transfer, an interest in the Conroe Property and/or the Cash Assets to Faden while the Debtor was insolvent, was not generally paying its debts as they came due, was engaged in, or about to become engaged in, business or a transaction for which its remaining capital was unreasonably small, or intended to incur or believed it would incur debts that would be beyond its ability to pay as such debts matured.

63.     Plaintiff is informed and believes, and based thereon alleges, that Droy transferred, and/or that Silberstein caused Droy to transfer, an interest in the Conroe Property and/or the Cash Assets for less than reasonably equivalent value.

64.     Plaintiff may avoid DSD's transfer to Syndicate of its ownership interest in the Conroe Property as a subsequent transferee of a fraudulent transfer under 11 U.S.C. §§ 548(a)(1)(B) and 550 and California Civil Code § 3439.04(a)(2) as made applicable by 11 U.S.C.

544(b)(1).  The transfer to Faden of an interest in the Conroe Property was made to or for the benefit of Faden and Faden received such transfers and obligations or the benefits of such transfers with knowledge of their voidability.

## NINTH CLAIM FOR RELIEF

### (Avoidance of Preferential Transfer)

65.    Plaintiff repeats, realleges and incorporates by this reference the allegations set forth in Paragraphs 1 through 64 of this Complaint.

66.    Plaintiff is informed and believes, and on that basis alleges, that one or more transfers of the Conroe Property and/or the Cash Assets by one or more of the Defendants was made on behalf of an antecedent debt of the Debtor and allowed the creditor to whom such debt was owed to receive more than it would have had such transfer not been made, and that such transfer took place within 90 days of the Petition Date or, if for the benefit of an insider of the Debtor, within one year of the Petition Date.

67.    Each of the foregoing transfers of title to and other interests in and to the Conroe Property and/or the Cash Assets are avoidable under 11 U.S.C. § 547.

## TENTH CLAIM FOR RELIEF

### (Avoidance of Post-petition Transfer)

68.    Plaintiff repeats, realleges and incorporates by this reference the allegations set forth in Paragraphs 1 through 67 of this Complaint.

69.    Plaintiff is informed and believes, and on that basis alleges, that one or more transfers of title to or other interests in the Conroe Property and/or the Cash Assets by one or more of the Defendants would be avoidable by a creditor who extended credit to the Debtor on the Petition Date and thereafter obtained a judicial lien against the property of the Debtor or an execution against the Debtor that was returned unsatisfied, or by a bona fide purchaser of real property from the Debtor on the Petition Date.

70.    Plaintiff is informed and believes, and on that basis alleges, that one or more transfers of title to or other interests in the Conroe Property or the Cash Assets by one or more of

**COMPLAINT**

the Defendants was made after the Petition Date and was not authorized under Title 11 of the US

Code or by order of this Court.

71.     Each of the foregoing transfers of title to and other interests in and to the Conroe

Property and/or the Cash Assets are avoidable under 11 U.S.C. §§ 544 and/or 549.

## ELEVENTH CLAIM FOR RELIEF

### (Recover of Post-petition Transfer)

72.     Plaintiff repeats, realleges and incorporates by this reference the allegations set

forth in Paragraphs 1 through 71 of this Complaint.

73.     For the reasons set forth in the First through Tenth Claims for Relief, the transfers

of the Conroe Property and/or the Cash Assets, or the value thereof, may be recovered from one

or more of the Defendants for the benefit of Debtor's bankruptcy estate pursuant to 11 U.S.C. §§

550 and 551.

74.     Accordingly, the transfer of the Conroe Property and/or the Cash Assets may be

set aside and title to the Conroe Property restored to the Debtor.

## TWELFTH CLAIM FOR RELIEF

### (Turnover of Property)

75.     Plaintiff repeats, realleges and incorporates by this reference the allegations set

forth in Paragraphs 1 through 74 of this Complaint.

76.     Plaintiff is informed and believes, and on that basis alleges, that the Debtor has, or

is entitled to, legal and/or equitable title to the Conroe Property and/or the Cash Assets, which is

currently in the possession and/or control of one or more of the Defendants.

77.     Pursuant to 11 U.S.C. § 542, the Plaintiff is entitled to turnover of the Conroe

Property and/or the Cash Assets from the Defendants, as well as an accounting of the Conroe

Property and its value.

## THIRTEENTH CLAIM FOR RELIEF

### (Declaratory Relief – Title to Conroe Property)

78.     Plaintiff repeats, realleges and incorporates by this reference the allegations set

forth in Paragraphs 1 through 77 of this Complaint.

**COMPLAINT**

79.     Due to the avoidance of the transfers of the Conroe Property away from the Debtor, all subsequent transfers of the Conroe Property and/or the granting of any interest in the Conroe Property are voidable.

80.     Pursuant to the state court judgments and orders attached hereto as **Exhibits B through E**, and the claims asserted herein, Plaintiff seeks a declaration confirming that the Debtor is the legal and equitable owner of the Conroe Property.

81.     Any claim of right, title or interest in the Conroe Property by any of the Defendants herein has no basis or merit and the Defendants have no right, title, estate, lien or interest whatsoever in the Conroe Property or any part thereof.

82.     An actual and justiciable controversy has arisen between the parties concerning who is entitled to title to the Conroe Property.

83.     Plaintiff is entitled to a court order determining the rights, duties and interests of the parties before the Court concerning Plaintiff's rights, both legal and equitable, concerning the Conroe Property.

## FOURTEENTH CLAIM FOR RELIEF

### (Declaratory Relief – Alter-Ego)

84.     Plaintiff repeats, realleges and incorporates by this reference the allegations set forth in Paragraphs 1 through 83 of this Complaint.

85.     Plaintiff is informed and believes, and on that basis alleges, that Silberstein's operation of the Debtor and each of the other Defendants other than Faden was so entangled with his personal dealings, so as to make each such Defendant (including Silberstein and the Debtor but excluding Faden) the alter-ego of each other.

86.     Silberstein operated the Debtor with no respect for its separate corporate identity, and rather used the Debtor as a conduit through which he conducted his own personal business. Silberstein regularly ignored the corporate formalities of the Debtor and instead used the Debtor's corporate fiction for his own personal gain and advantage.

87.     An actual and justiciable controversy has arisen between the parties concerning whether Silberstein is an alter-ego of the Debtor.

**COMPLAINT**

88.    Plaintiff is entitled to a court order determining whether due to the conduct of Silberstein if the corporate veil of the Debtor can be pierced.  Plaintiff seeks a declaration adjudicating his right to disregard the corporate shell constructed by Silberstein and seek recovery against Silberstein as an alter-ego of the Debtor.

## FIFTEENTH CLAIM FOR RELIEF

### (Quiet Title)

89.    Plaintiff repeats, realleges and incorporates by this reference the allegations set forth in Paragraphs 1 through 88 of this Complaint.

90.    Plaintiff has a legal and/or equitable interest in the Conroe Property pursuant to his appointment as trustee of the Debtor;s bankruptcy estate.

91.    Pursuant to the state court judgments and orders attached hereto as **Exhibits B through E**, and the claims asserted herein, Plaintiff seeks a declaration confirming that the Debtor is the legal and equitable owner of the Conroe Property.

92.    Plaintiff is seeking to quiet title against the claims of Defendants as follows: Defendants' claim of any right, title or interest in or to the Conroe Property has no basis or merit in law or equity, and such Defendants have no right, title, estate, lien or interest whatsoever in the Conroe Property or any part thereof.

## SIXTEENTH CLAIM FOR RELIEF

### (Disallowance of Claims)

93.    Plaintiff repeats, realleges and incorporates by this reference the allegations set forth in Paragraphs 1 through 92 of this Complaint.

94.    Plaintiff is informed and believes, and on that basis alleges, that should the Plaintiff recover any assets as a result of the instant action, including the substantive consolidation sought herein, Defendants Silberstein, DSD, Syndicate, Droy and/or Faden may attempt to assert claims against those assets and/or additional claims for indemnity.

95.    Plaintiff is informed and believes, and on that basis alleges that Silberstein, DSD, Syndicate, Droy and Faden are insiders of the Debtor, as that term is defined in 11 U.S.C. § 101(31), and therefore any claim made against the Debtor is subject to heightened scrutiny.

96.     By the conduct of Silberstein, DSD, Syndicate, Droy and Faden, these Defendants participated in the fraudulent scheme alleged herein, and therefore it would be inequitable for these Defendants to participate in the payment and distribution of claims.

97.     Pursuant to applicable provisions of the Bankruptcy Code, including without limitation, 11 U.S.C. § 502(b)(1) and (4), (e)(1) and (2), Bankruptcy Rule 3007 and other non-bankruptcy law, and based on the facts alleged herein, Defendants Silberstein, DSD, Syndicate, Droy and Faden are not entitled to any relief based on his claims filed in this action or any claim these Defendants may file in the future as to assets recovered as a result of the fraudulent transfer claims and substantive consolidation claims contained herein.

98.     Any claims filed by Silberstein, DSD, Syndicate, Droy and Faden are further barred under the theories of contributory negligence, unclean hands and *in pari delicto*.

## SEVENTEENTH CLAIM FOR RELIEF

### (Breach of Fiduciary Duty)

99.     Plaintiff repeats, realleges and incorporates by this reference the allegations set forth in Paragraphs 1 through 98 of this Complaint.

100.     Plaintiff is informed and believes, and on that basis alleges, that Silberstein, as owner, manager, officer, director and/or other controlling person of or for the Debtor and/or other Defendants, owed fiduciary duties, including duties of care and loyalty, to the Debtor and/or other Defendants and each of their creditors.  Plaintiff is informed and believes, and on that basis alleges, that in perpetrating the acts described herein Silberstein breached such duties and caused harm to the Debtor and/or other Defendants and each of their creditors.

101.     As a result of the actions and conduct of Silberstein, the Debtor has been damaged in an amount to be proven at trial.

## EIGHTEENTH CLAIM FOR RELIEF

### (Conspiracy to Defraud)

102.     Plaintiff repeats, realleges and incorporates by this reference the allegations set forth in Paragraphs 1 through 101 of this Complaint.

103.     The Defendants knowingly conspired and agreed with each other to transfer title and other interests in the Conroe Property to each other and amongst themselves with the specific intend to defraud the Debtor of its assets and the creditors of the Debtor and the Defendants by fraudulently transfers title and interests in the Conroe Property, engaging to sham foreclosures and otherwise obstructing title to the Conroe Property for their own personal gain.

104.     The Defendants acted on this agreement when they executed documents, effectuated the sham transfers and foreclosured and recorded or caused certain documents effecting title to be recorded.

105.     Further, each of the Defendants furthered the conspiracy by cooperating with each other, lending aid and encouragement to each other, and ratifying and adopting the acts of each other with full knowledge of the acts and conduct of each co-conspirator made in furtherance of the conspiracy.

106.     Each of the Defendants had a separate and distinct role in the scheme to defraud the Debtor is its assets and the creditors of the Defendants and the Debtor, and that scheme could not have been accomplished but for the contribution of each of the Defendants.

107.     The Defendants' conspiracy to defraud the creditors of the Defendants and the Debtor, and the corresponding acts have damaged the Debtor in an amount to be proven at trial.

108.     The aforementioned acts of the Defendants were willful and malicious insofar as the acts undertaken in furtherance of the conspiracy which had as its central purpose the defrauding of the creditors of the Defendants and the Debtor.

## NINETEENTH CLAIM FOR RELIEF

### (Constructive Trust)

109.     Plaintiff repeats, realleges and incorporates by this reference the allegations set forth in Paragraphs 1 through 108 of this Complaint.

110.     Plaintiff is informed and believes, and on that basis alleges, that one or more of the Defendants, as a result of the foregoing frauds and other actions described in this Complaint, is in possession of moneys, properties, rights and/or benefits to which the Debtor and the Plaintiff are rightfully entitled, and would be unjustly enriched by remaining in possession thereof.

111.    Plaintiff is entitled to a constructive trust on such moneys, properties, rights and/or benefits.

## PRAYER

WHEREFORE, Plaintiff prays for the following relief:

**FOR THE FIRST THROUGH THE TWELFTH CLAIMS FOR RELIEF**

112.    For entry of judgment in favor of Plaintiff and against the Defendants avoiding and recovering the alleged transfers and preferences, and all attendant obligations, for the benefit of the Debtor's estate pursuant to 11 U.S.C. §§ 542, 544, 547, 548, 549, 550 and 551; and California Civil Code § 3436.04(a)(1) and (2), as made applicable by 11 U.S.C. § 544 (b)(1);

113.    For such further relief as the Court may deem just and proper.

**FOR THE THIRTEENTH CLAIM FOR RELIEF**

114.    For a declaratory judgment declaring that any claim of right, title or interest in the Conroe Property by any of the Defendants has no basis or merit and that the Defendants have no right, title, estate, lien or interest whatsoever in the Conroe Property or any part thereof;

115.    For such further relief as the Court may deem just and proper.

**FOR THE FOURTEENTH CLAIM FOR RELIEF**

116.    For a declaratory judgment declaring that the Debtor, Silberstein, DSD, Syndicate, Droy and/or other Defendants, including without limitation Silberstein and the Debtor, acted as and are the alter-egos of each other;

117.    For such further relief as the Court may deem just and proper.

**FOR THE FIFTEENTH CLAIM FOR RELIEF**

118.    For a judgment that Defendants have no interest in the Conroe Property which is adverse or superior to that of the Debtor or the Plaintiff and an order quieting title as to Conroe Property;

119.    For such further relief as the Court may deem just and proper.

**FOR THE SIXTEENTH CLAIM FOR RELIEF**

120.    For a Court order precluding the Defendants named herein from participating the any distribution of the Debtor's Bankruptcy Estate;

121.    For a Court determination that any future claims filed by the Defendants named herein to the assets of the Debtor, including any assets recovered by way of this adversary proceeding be disallowed; and

122.    For such further relief as the Court may deem just and proper.

**FOR THE SEVENTEENTH AND EIGHTEENTH CLAIMS FOR RELIEF**

123.    For damages in an amount to be determined at trial;

124.    For punitive damages;

125.    For such further relief as the Court may deem just and proper.

**FOR THE SEVENTEENTH AND EIGHTEENTH CLAIMS FOR RELIEF**

126.    For the imposition of a constructive trust for all monies and property retained by the Defendants belonging to the Debtor

127.    For such further relief as the Court may deem just and proper.

**FOR ALL CLAIMS FOR RELIEF**

128.    For attorneys fees pursuant to applicable law and all costs of suit incurred herein;

129.    For costs of suit herein;

130.    For interest allowable by law; and

131.    For such other and further relief as the Court deems proper

DATED:  August 21, 2009            BUCHALTER, NEMER
                                   A Professional Corporation\


                                   By____/s/ Benjamin S. Seigel_____
                                        Benjamin Seigel
                                        Michael L. Wachtell
                                        Austin K. Barron
                                   Attorneys for
                                   DAVID SEROR, CHAPTER 7 TRUSTEE

BN 4281353v2

**COMPLAINT**

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>DAVID SEROR, Chapter 7 Trustee for Double S Development LLP | DEFENDANTS<br>DSD HOMES, LLC, a Texas limited liability company, SYNDICATE EXCHANGE CORPORATION, a Texas Corporation, DROY PROPERTIES, LLC, a Texas limited liability company, DAVID SILBERSTEIN, STEPHEN FADEN and DOES 1 through 100, inclusive |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>BUCHALTER NEMER<br>1000 WILSHIRE BLVD., STE 1500<br>LOS ANGELES, CA 90017<br>(213) 891-0700 | ATTORNEYS (If Known)<br>DAVID SILBERSTEIN<br>16112 MEADOW VIEW DRIVE<br>ENCINO, CA 91436 |
| PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS;
AVOIDANCE AND RECOVERY OF PREFERENCES; AVOIDANCE AND RECOVERY OF POST PETITION TRANSFERS; THE TURNOVER OF PROPERTY OF THE BANKRUPTCY ESTATE; DECLARATORY RELIEF – TITLE TO THE CONROE PROPERTY; DECLARATORY RELIEF - ALTER-EGO; QUIET TITLE; DISALLOWANCE OF CLAIMS; BREACH OF FIDUCIARY DUTY; CONSPIRACY TO DEFRAUD; AND CONSTRUCTIVE TRUST

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property    **1**
☒ 12-Recovery of money/property - §547 preference    **2**
☒ 13-Recovery of money/property - §548 fraudulent transfer    **3**
☒ 14-Recovery of money/property – other    **4**

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property    **5**

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ According to proof |

BN 4293569v1

American LegalNet, Inc.
www.FormsWorkflow.com

**B104 (FORM 104) (08/07)**

Other Relief Sought
ORDERS RE: REMEDIES FOR DECLARATORY RELIEF; QUITE TITLE; BREACH OF FIDUCIARY DUTY;
CONSPIRACY, CONSTRUCTIVE TRUST

American LegalNet, Inc.
www.FormsWorkflow.com

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Double S Development LLP | BANKRUPTCY CASE NO.<br>Case No. 1:09-12032-MT | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central | DIVISION OFFICE<br>San Fernando Valley | NAME OF JUDGE<br>Maureen A. Tighe |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Benjamin S. Seigel | | |
| DATE<br>August 21, 2009 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Benjamin S. Seigel, Esq.<br>Buchalter Nemer | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

American LegalNet, Inc.
www.FormsWorkflow.com

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| BENJAMIN S. SEIGEL (Cal. State Bar No. 59992)<br>MICHAEL L. WACHTELL (Cal. State Bar No. 47218)<br>AUSTIN K. BARRON (Cal. State Bar No. 204452)<br>BUCHALTER NEMER<br>1000 WILSHIRE BLVD., STE. 1500<br>LOS ANGELES, CA 90017<br>T: (213) 891-0700<br>*Attorney for Plaintiff* DAVID SEROR, Chapter 7 Trustee for Double S<br>Development LLP | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:<br>Double S Development LLP<br><br>Debtor. | CHAPTER 7<br>CASE NUMBER 1:09-12032-MT<br>ADVERSARY NUMBER |
|---|---|
| DAVID SEROR, Chapter 7 Trustee for Double S Development LLP<br>Plaintiff(s),<br><br>vs.<br><br>DSD HOMES, LLC, a Texas limited liability company, SYNDICATE EXCHANGE CORPORATION, a Texas Corporation, DROY PROPERTIES, LLC, a Texas limited liability company, DAVID SILBERSTEIN, STEPHEN FADEN and DOES 1 through 100, inclusive<br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** | **Floor:** |
|---|---|---|---|

☐ **255 East Temple Street, Los Angeles**          ☐ **411 West Fourth Street, Santa Ana**

☒ **21041 Burbank Boulevard, Woodland Hills**     ☐ **1415 State Street, Santa Barbara**

☐ **3420 Twelfth Street, Riverside**

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**

By: _____
*Deputy Clerk*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009 (COA-SA)*

**F 7004-1**

American LegalNet, Inc.
www.FormsWorkflow.com

Summons and Notice of Status Conference - *Page 2*    **F 7004-1**

| In re | (SHORT TITLE) | CASE NO.: |
|---|---|---|
| Double S Development LLP | | 7 |
| | Debtor(s). | |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: BUCHALTER NEMER, 1000 WILSHIRE BLVD., STE. 1500, LOS ANGELES, CA 9017

A true and correct copy of the foregoing document described as <u>SUMMONS AND NOTICE OF STATUS CONFERENCE</u> <u>AND COMPLAINT</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. <u>SERVED BY U.S. MAIL OR OVERNIGHT MAIL</u>** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. <u>SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL</u>** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| _____ | Teri Carson | /s/ Teri Carson _____ |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

American LegalNet, Inc.
www.Forms*Workflow*.com