1  BENJAMIN S. SEIGEL (SBN 59992)
   MICHAEL L. WACHTELL (SBN 47218)
2  AUSTIN K. BARRON (SBN 204452)
   MATTHEW SEROR (SBN 235043)
3  BUCHALTER NEMER
   A Professional Corporation
4  1000 Wilshire Blvd., 15th Floor
   Los Angeles, California 90017
5  Telephone: (213) 891-0700
   Facsimile: (213) 896-0400
6  Email: bseigel@buchalter.com

7  Counsel for David Seror, Chapter 7 Trustee

8            **UNITED STATES BANKRUPTCY COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

10           **SAN FERNANDO VALLEY DIVISION**

11

12  In re:                                Case No: 1:09-bk-12032-MT

13  DOUBLE S DEVELOPMENT LLP,             Chapter 7

14                         Debtor.        **REPLY BRIEF IN SUPPORT OF MOTION**
                                          **FOR ORDER (A) APPROVING SALE**
15                                        **PROCEDURES IN CONNECTION WITH**
                                          **SALE OF DEBTOR'S INTEREST IN**
16                                        **CERTAIN RESIDENTIAL REAL**
                                          **PROPERTY;  (B) AUTHORIZING THE**
17                                        **SALE ON AN AS-IS, WHERE-IS BASIS;**
                                          **AND (C) GRANTING RELATED RELIEF**
18
                                          Auction and Sale Hearing Date:
19
                                          Date:     August 30,  2012
20                                        Time:     2:00 p.m.
                                          Place:    Courtroom 302
21                                                  21041 Burbank Boulevard
                                                    Woodland Hills, CA 91367
22

23

24

25

26

27

28

BN 12238722v1                            1

**REPLY BRIEF IN SUPPORT OF MOTION TO AUTHORIZE SALE OF REAL PROPERTY**

1    David Seror, the duly appointed and acting Chapter 7 trustee (the "Trustee")

2    of the bankruptcy estate of Debtor Double S Development, LLC ("Double S" or

3    "Debtor"), respectfully submits the following Reply to the Opposition

4    ("Opposition") filed by Montgomery County, Texas to the Trustee's motion

5    ("Motion") for approval of certain procedures to conduct a sale through an auction,

6    and for authorization to sell all of the right, title and interest of Double S

7    Development LLP (the "Debtor") in certain residential real property lots located in

8    the city of Conroe, county of Montgomery, Texas (collectively, the "Property").

9    ## I.    INTRODUCTION

10    The Property of the Estate which is the subject of the Motion is located in

11    Montgomery County, Texas (the "County").  The County has filed two proofs of

12    claim in this case: (1) a secured claim in the amount of $37,266.73 for past due ad

13    valorem property taxes for tax years 2007-2009 (See Claim No. 16); and (2) an

14    administrative claim in the amount of $65,286.40 for post-petition ad valorem

15    property taxes for tax years 2010-2012 (See Claim No. 18).[1]  Due to the

16    voluminous nature of the Claims, the Trustee is not attaching them here, but they

17    are in the Court's file.  The County's opposition focuses exclusively on how these

18    taxes should be addressed as part of the proposed sale and requests that the

19    County's claims be paid in full at the closing of the sale proposed in the Motion.

20    As is set forth herein, the Trustee does not challenge the County's right to

21    collect the taxes it is owed, or even that the Estate may bear responsibility for a

22    portion of the indebtedness.  However, the amount of the Estate's liability on the

23    County's claims is very much subject to a dispute, and therefore paying the

24    County's claims at closing would be premature.  Rather, the Trustee seeks to sell

25    the Property free and clear of the allegedly due taxes pursuant to Sections 363(f) (3)

26

[1] The County's opposition and proofs of claim alternatively refer to the claimed indebtedness as a lien or a claim.
27    Indeed, the County's "liens" do not appear on the First American title commitment the Trustee obtained from the title
company.  Nevertheless, regardless of how characterized, the Trustee can sell free and clear of these interests
28    pursuant to the authority set forth herein.

BN 12238722v1                                    2

**REPLY BRIEF IN SUPPORT OF MOTION TO AUTHORIZE SALE OF REAL PROPERTY**

1    and (4), with the County's claims attaching to proceeds until such a time as the

2    precise amount of the claim can be ascertained, likely during the claims

3    adjudication process.

**II.    THE TRUSTEE CAN SELL THE PROPERTY FREE AND CLEAR OF
4    THE COUNTY'S CLAIMS PURSUANT TO SECTION 363(F) OF THE
5    BANKRUPTCY CODE**

6          Bankruptcy Code Section 363(f) allows a trustee to sell property of the

7    bankruptcy estate "free and clear of any interest in such property," if any of the

8    following five conditions is met:

9                    (1) applicable non-bankruptcy law permits a sale of such property

10                        free and clear of such interest;

11                   (2) such entity consents;

12                   (3) such interest is a lien and the price at which such property is to

13                       be sold is greater than the aggregate value of all liens on such

14                       property;

15                   (4) such interest is in bona fide dispute; or

16                   (5) such entity could be compelled, in a legal or equitable

17                       proceeding, to accept money satisfaction of such interest.

18         Here, the Trustee can sell the Property free and clear of the County's alleged

19   liens (or claims) because: (1) the amount of the County's liens is subject to a bona

20   fide dispute; and (2) the price at which the Property is being sold is greater than the

21   aggregate amount of the County's liens.

22         **A.    The County's Liens/Claims Are Subject to a Bona Fide Dispute**

23         The Trustee does not contest that the County is empowered to levy and

24   collect property taxes and the Estate may bear responsibility for that portion of the

25   past due taxes on those lots that the Trustee is selling pursuant to the Asset

26   Purchase Agreement.  However, the amount of the taxes owed by the Estate is very

27   much subject to a bona fide dispute.

28

1.    The County's Liens Include Parcels Which Are Not Part of The
Proposed Sale

Both the County's secured claim (in the amount of $37,296.35) and its administrative claim (in the amount of $65,286.40) are based upon the schedules and statements attached thereto. Both claims list the same 419 parcels for which the County seeks to recover back taxes from the Estate.

Included in both claims are past due taxes on Lot 68, Block 12 (See Claim No. 18, Part 3, Page 50). However, the Trustee is not attempting to sell this lot and it is not part of the Estate (See Legal Description attached to Asset Purchase Agreement). As a result, the Estate should not be liable for the $70.90 of past due taxes included in the secured claim and the $78.28 in past due taxes included in the administrative claim relating to this lot.

In addition, both claims also include the past due taxes on the six commercial reserves (See Claim No. 18, Part 7, Pages 39-44). The commercial reserves are not part of the sale transaction now before the Court and are not part of the Estate and therefore the Estate is not liable for the past due taxes on these parcels. As a result, the Estate should not be liable for the $8,436.62 in past due taxes included in the secured claim and the $33,072.96 in past due taxes included in the administrative claim. As a result of the foregoing reductions, the amount of the County's aggregate claim is reduced from $102,582.75 to $60,923.99, if not lower.

2.    The County's Claim Improperly Failed to Apportion the 2012
Taxes as Between the Estate and the Proposed Buyer

For each of the residential lots that are included in the County's claims that the Trustee is selling (all 412 of them) the County includes a charge of $19.99, representing the 2012 taxes. However, property taxes are to be pro-rated as between the Buyer and the Estate at the time of closing and therefore the Estate should not be burdened with entire 2012 tax liability.

1              3.       Incursion of Late Fees and Penalty Interest

2          On its secured claim, the County's claims include a charge of over $10.00

3     per lot.  It is unclear what this charge represents or if the Estate is properly

4     responsible for it.  On the administrative claim, over $18.00 per lot is charged as

5     "penalty interest".  Whether the County is permitted to charge such penalty interest

6     and whether the Estate is responsible for it is also subject to bona fide dispute.

7          **B.        The Proposed Sale Will Generated $735,000  in Proceeds, Well In
8                      Excess of the County's Liens.**

9          The Proposed Sale will generate sales proceeds in the amount of $735,000,

10    well in excess of the County's liens, which in the aggregate amount to $102,582.75

11    (before reduction once the improper inclusion of some parcels that are not part of

12    the Estate).  As a result, pursuant to section 363(f)(3), the Trustee can sell free and

13    clear of the County's liens, with the liens attaching to the sales proceeds.

14    **III.    CONCLUSION**

15         As a result of the foregoing, the Trustee respectfully requests that the Court

16    grant the Motion and approve the sale on the terms set forth in the Motion.  The

17    Trustee requests that the liens of Montgomery County be transferred to the sales

18    proceeds so as to allow the exact amount of the County's claims against the Estate

19    to be determined during the claims adjudication process.

20    DATED:  August 23, 2012                    BUCHALTER NEMER
                                                 A Professional Corporation
21

22
                                                 By:  __/s/ *Benjamin S. Seigel*_____
23                                                     BENJAMIN S. SEIGEL
                                                       Attorneys for David Seror,
24                                                     Chapter 7 Trustee

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1000 Wilshire Blvd, Ste. 1500, Los Angeles, CA 90017

A true and correct copy of the foregoing document entitled (*specify*): **REPLY BRIEF IN SUPPORT OF MOTION FOR ORDER (A) APPROVING SALE PROCEDURES IN CONNECTION WITH SALE OF DEBTOR'S INTEREST IN CERTAIN RESIDENTIAL REAL PROPERTY;  (B) AUTHORIZING THE SALE ON AN AS-IS, WHERE-IS BASIS; AND (C) GRANTING RELATED RELIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **August 23, 2012**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Raymond H Aver     ray@averlaw.com
Austin K Barron     abarron@buchalter.com, IFS_filing@buchalter.com;tcarson@buchalter.com
John P Dillman     houston_bankruptcy@publicans.com
John W Kim     jkim@nossaman.com
Dennis E Mcgoldrick     dmcgoldricklaw@yahoo.com
Benjamin Seigel     bseigel@buchalter.com, IFS_filing@buchalter.com
David Seror (TR)     kpscion@ebg-law.com, dseror@ecf.epiqsystems.com
David R Silberstein     , drs1@pacbell.net
Gerald N Silver     silverlawoffice@sbcglobal.net
United States Trustee (SV)     ustpregion16.wh.ecf@usdoj.gov
Angella D Yates     ayates@buchalter.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **August 23, 2012**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **August 23, 2012**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 23, 2012 | Teri Carson | /s/ Teri Carson |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**3.  SERVED BY OVERNIGHT MAIL**

Hon. Maureen A. Tighe
U.S. Bankruptcy Court
21041 Burbank Blvd., Room 325
Woodland Hills, CA 91367-6606

**2.  SERVED BY UNITED STATES MAIL**:

*Counsel for Montgomery County*
John P. Dillman
Tara L. Grundemeier
Linebarger Goggan Blair & Sampson, LLP
P.O. Box 3064
Houston, TX 77253-3064

Office of The United States Trustee
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367

*Debtor*
Double S Development LLP
P.O. BOX 260040
Encino, CA 91426

**Interested Parties**

Craig R. Smith, Esq.
Smith Law Firm
21550 Oxnard Street, Suite 760
Woodland Hills, California 91367

Larry Cooley
3832 North Shasta Loop
Eugene, Oregon 97405

DREAMSCAPE LAND DEVELOPMENT INC.
Bruce Allegar, Attorney at Law
P.O. Box 2334
Conroe, Texas 77305

LCV Properties, LLC
c/o Ron Regwan
1875 Century Park East, Suite 700

Keith Raybon
24624 I-45 N. Ste. 200
The Woodlands, TX 77386

**Creditors:**

ANTHONY OTRANDO
POB 7193
PORTER RANCH CA 91327

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
BN 12168878v1

**F 9013-3.1.PROOF.SERVICE**

BERT SCHREIBER
4724 PARK JACARANDA
CALABASAS CA 91302

CONROE INVESTORS LTD
POB 7193
PORTER RANCH CA 91327

CONROE INVESTORS LTD.
c/o RICHARD J. SEGAL
POB 7193
PORTER RANCH CA 91327

David Silberstein
c/o Syndicate Exchange Corp
PO Box 10238
Palm Desert CA 92255-0238

David Silberstein
PO Box 260040
Encino CA 91426-0040

FRANCHISE TAX BOARD
BANKRUPTCY UNIT
PO BOX 2952 MAIL STOP A-340
SACRAMENTO CA 95812-2952

GREENTONE LLC
RICHARD J SEGAL
POB 7193
PORTER RANCH CA 91327

INTERNAL REVENUE SERVICES
PO BOX 21126
PHILADELPHIA PA 19114

LARRY COOLEY
PO BOX 50655
EUGENE OR 97405

RJS LTD
RICHARD J SEGAL
PO BOX 7193
PORTER RANCH CA 91327

RMP REALTY LLC
RICHARD J SEGAL
POB 7193
PORTER RANCH CA 91327

RPM REALTY LLC
POB 7193
PORTER RANCH CA 91327

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
BN 12168878v1

**F 9013-3.1.PROOF.SERVICE**

Sandra Silberstein
c/o Lisa Silberstein
PO Box 260040
Encino CA 91426-0040

Sandra Silberstein
PO Box 260040
Encino CA 91426-0040

SEJAC PARTNERS LTD
RICHARD J SEGAL
POB 7193
PORTER RANCH CA 91327

STEPHEN FADEN
7100 HAYVENHURST AVE PENTHSE C
VAN NUYS CA 91406

SYNDICATE EXCHANGE CORPORATION
PO BOX 10238
PALM DESERT CA 92255-0238

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012
BN 12168878v1

**F 9013-3.1.PROOF.SERVICE**