1  BENJAMIN S. SEIGEL (SBN 59992)
   MICHAEL L. WACHTELL (SBN 47218)
2  AUSTIN K. BARRON (SBN 204452)
   MATTHEW SEROR (SBN 235043)
3  BUCHALTER NEMER
   A Professional Corporation
4  1000 Wilshire Blvd., 15th Floor
   Los Angeles, California 90017
5  Telephone: (213) 891-0700
   Facsimile: (213) 896-0400
6  Email: bseigel@buchalter.com

7  Counsel for David Seror, Chapter 7 Trustee

**FILED & ENTERED**

**NOV 08 2012**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY harraway DEPUTY CLERK**

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | Case No: 1:09-bk-12032-MT |
| DOUBLE S DEVELOPMENT LLP, | Chapter 7 |
| Debtor. | **AMENDED ORDER GRANTING TRUSTEE'S MOTION FOR ORDER: (1) APPROVING SALE PROCEDURES IN CONNECTION WITH SALE OF DEBTOR'S INTEREST IN CERTAIN RESIDENTIAL REAL PROPERTY; (2) AUTHORIZING TRUSTEE TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS; AND (3) GRANTING RELATED RELIEF** |
| | [Original Order Entered September 17, 2012] |
| | <u>Original Sale Hearing Date:</u> |
| | Date:  August 30, 2012<br>Time:  2:00 p.m.<br>Place: Courtroom 302<br>            21041 Burbank Boulevard<br>            Woodland Hills, CA 91367 |

1

BN 12616789v2

On the date and at the time set forth above, a hearing was held before the undersigned United States Bankruptcy Judge in the above-captioned chapter 7 case of DOUBLE S DEVELOPMENT LLP (the "Debtor") upon the motion ("Motion") for approval of certain procedures to conduct a sale through an auction, and for authorization to sell all of the right, title and interest of the Debtor in certain residential real property lots located in the city of Conroe, county of Montgomery, Texas (collectively, the "Property"). Said Motion was filed by David Seror, the duly appointed and acting Chapter 7 trustee (the "Trustee") of the bankruptcy estate of the Debtor, by and through his counsel. Appearances at the hearing were as noted on the record.

Having given due consideration to the Motion, the declarations and other evidence submitted in support of the Motion, any objection and reply briefs filed in connection with the Motion, the record and proceedings in the above-captioned case, the arguments of counsel and other interested parties at the hearing, and for other good cause shown, the Court hereby finds, as a matter of fact, and concludes, as a matter of law, that:

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 to approve the sale of the property (the "Property") which is the subject of the Motion free and clear of those liens, encumbrances, claims and interests identified in this Order, and to authorize the Trustee on behalf of the estate in the above-captioned case (the "Estate") to enter into and perform in accordance with the Asset Purchase Agreement dated August 3, 2012, including the modifications thereto, if any, set forth in the record of the hearing on the Motion (the "Agreement"), a copy of which is appended to the moving papers. The Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (N), and (O). The statutory predicates for the relief requested in the Motion are 11 U.S.C. §§ 105 and 363, and Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") 2002, 6004 and 9014.

2. All objections, if any, to the Motion and to the approval of the Agreement, including the transactions contemplated thereby, have been withdrawn, resolved or overruled.

3. The Property is situated in the City of Conroe, County of Montgomery, State of Texas, described more fully described in the legal description attached hereto as **Exhibit A.**

BN 12616789v2

4. Record title to the Property is vested in David Seror, Chapter 7 Trustee for Double S Development LLP, debtor in bankruptcy (the "Record Owner").

5. As set forth in the declarations of service filed with this Court in connection with the Motion, notice of the hearing on the approval of the Motion (the "Notice") was duly served on (a) the Debtor and its counsel, (b) all creditors and interested parties, (c) each entity known to the Trustee to assert a lien, encumbrance or other interest in, or claim to, the Property to be affected by this Order, and (d) the Office of the United States Trustee, all in accordance with Bankruptcy Rules 2002(a)(2), 2002(c)(1), 2002(i), 2002(k), 6004(a) and 6004(c).  Each entity known to the Trustee to assert a lien, encumbrance, claim or other interest in or to the Property to be affected by this Order was also served with a complete copy of the Motion, and all supporting declarations and pleadings filed by the Trustee in connection with the Motion.

6. The Notice complied in all respects with the requirements of the Bankruptcy Code and the Bankruptcy Rules; fully and adequately described the relief requested in the Motion and set forth the means by which the Motion, and all supporting declarations and pleadings filed by the Trustee in connection with the Motion, could be obtained promptly by a party in interest; provided fair and reasonable notice under the circumstances of this case with respect to the deadlines and procedures for objecting to the relief requested in the Motion; and set forth the time, date and place for the hearing on the Motion.

7. The Property is allegedly subject to the liens, encumbrances and other interests of record as set forth in the preliminary report/title commitment (the "Title Report") issued by First American Title Insurance Company as of July 3, 2012, including, without limitation, the following:

| Nature of Interest | Name of Holder | Amount Scheduled by Debtor | Amount Known to Movant |
|---|---|---|---|
| First Deed of Trust | Syndicate Exchange Corporation | $2,500,000 | $0.00 |
| Taxes | Montgomery County, Texas | | |
| Other[1] | David Silberstein and Dreamscape Land Development | | |

---

[1] Earnest Money Contract by and between Dreamscape Land Development, Inc. and David Silberstein as shown in County Clerk's File No. 2008-113975, Official Records of Montgomery County.

3

BN 12616789v2

8. Within the meaning of 11 U.S.C. § 363(f)(2), Montgomery County has withdrawn any objection to the sale and consented to the sale of the Property free and clear of any and all its liens, encumbrances or interests in the Property, including, without limitation, those liens, encumbrances and interests of such party listed in Paragraph 7 above.

9. Within the meaning of 11 U.S.C. § 363(f)(4), the interests of Montgomery County in the Property, including, without limitation, those liens, encumbrances or other interests of such party listed in Paragraph 7 above, are subject to bona fide dispute based on the following: the claims asserted by Montgomery County included parcels which are not property of Estate and not being sold pursuant to the Motion and include charges which may not be the responsibility of the Estate.

10. Within the meaning of 11 U.S.C. § 363(f)(4), the interests of Syndicate Exchange Corporation in the Property, including, without limitation, those liens, encumbrances or other interests of such party listed in Paragraph 7 above, are subject to bona fide dispute based on the following: Syndicate Exchange has previously transferred all of its right, title and interest in the Property to the Estate and therefore Syndicate has no interest in the property any longer.

11. Within the meaning of 11 U.S.C. § 363(f)(4), the interests of David Silberstein in the Property, including, without limitation, those liens, encumbrances or other interests of such party listed in Paragraph 7 above, are subject to bona fide dispute based on the following: At the time David Silberstein entered in the purported agreement to sell certain lots in the Lake Conroe Development, as set forth in the recorded document, he lacked any interest in the property to be sold and therefore he lacked the authority to sell those lots.

12. Within the meaning of 11 U.S.C. § 363(f)(4), the interests of Dreamscape Land Development in the Property, including, without limitation, those liens, encumbrances or other interests of such party listed in Paragraph 7 above, are subject to bona fide dispute based on the following: At the time David Silberstein entered in the purported agreement to sell certain lots in the Lake Conroe Development to Dreamscape Land Development, as set forth in the recorded document, Mr. Silberstein did not have any interest in the property to be sold and therefore he lacked the authority to sell those lots.

4

BN 12616789v2

13.    The Trustee has engaged in fair and reasonable marketing, advertising and other sale efforts and procedures in connection with the sale of the Property, which efforts and procedures have enabled the Estate to obtain a fair and reasonable price for the Property under the circumstances of this case. In connection with the proposed sale, the Trustee has complied with all sale procedures established or required by this Court.

14.    The highest and best offer to purchase the Property was the one received from LCVM Properties, LLC (the "Purchaser") to purchase the Property for a purchase price of $635,900 on the terms and conditions set forth in the Agreement. The material terms are as follows:

    a. Purchaser will purchase all of the Estate's right, title and interest in the 451 residential lots for $635,900 ($1,500 per lot for each of 422 lots, $100 per lot for each of 29 lots), payable as follows: $75,000 in immediately available funds; and a promissory note in the amount of $560,900, secured by a first position deed of trust encumbering all of the Property;

    b. The aforementioned promissory note bears interest at 6% interest per annum and will fully mature in 30 months, at which point the entire balance will be due and payable. Interest shall begin to accrue in the nineteenth month following execution of the promissory note;

    c. Purchaser is required to make monthly payments of the accrued interest beginning in the nineteenth month following execution of the promissory note;

    d. Purchaser shall pay a $1,500 per lot release price (to be applied to the outstanding balance then due and owing) to the Trustee in exchange for a partial release of the aforementioned Deed of Trust as to any specific lot;

    e. The sale to Purchaser is on an "as-is, where-is" basis. The Trustee makes no representations or warranties of any kind as to the condition of the Property;

    f. The closing of the sale shall take place shortly after the entry of this Order, or upon such other date as Purchaser and the Trustee may mutually agree, but in no event later than September 28, 2012. At closing, the Trustee will cause the

transfer of title to the Property to Purchaser, on an "as-is, where-is" basis, without representations or warranties;

    g.  Escrow fees are to be split equally by Purchaser and the Trustee. The Trustee shall be responsible for the cost of a standard title policy, while Purchaser is responsible for an extended title policy, any endorsements to the policy and for the costs of a Lenders Policy on the aforementioned Deed of Trust. Each party shall pay their own legal fees and costs incurred in connection with the sale transaction; and

    h.  Insofar as the entry of an Order approving the sale was Purchaser's sole remaining contingency, all of Purchaser's contingencies are now waived.

15.    The Purchaser is unrelated to the Debtor and the Trustee. The Agreement was negotiated, proposed, and entered into by the parties without collusion, in good faith, and from arm's-length bargaining positions. Neither the Trustee nor the Purchaser have engaged in any conduct that would cause or permit the Agreement, or the transactions contemplated thereby, to be invalidated or avoided under 11 U.S.C. § 363(n). Accordingly, upon consummation of the sale transaction contemplated by the Agreement, the Purchaser will be a buyer in "good faith" within the meaning of 11 U.S.C. § 363(m), and, as such, is entitled to the protections afforded thereby.

16.    The terms and conditions of the sale transaction as provided for in the Agreement are fair and reasonable; entry into the Agreement on behalf of the Estate is a sound exercise of the Trustee's reasonable business judgment; and, the sale transaction contemplated by the Agreement is in the best interests of creditors, interest holders and the Estate.

Based on the record in this case, the findings of fact and conclusions of law set forth above and stated on the record, and good cause appearing therefor,

**IT IS HEREBY ORDERED** that:

A.    The Motion is granted as set forth herein;

B.    The terms, conditions, and transactions contemplated by the Agreement are hereby approved in all respects, including the sale procedures, and the Trustee is hereby authorized under 11 U.S.C. §§ 105(a) and 363(b), (c), (f) and (m) to sell the Property free and clear of those liens,

claims, encumbrances and interests set forth below to the Purchaser on an "as-is, where-is" basis with no representations or warranties of any kind and on the terms and conditions provided in the Agreement and as set forth herein;

    C.    The Trustee is hereby authorized, empowered, and directed to (1) perform under, consummate, and implement the Agreement, (2) execute all additional instruments and documents that may be reasonably necessary or desirable to implement the Agreement and the transactions contemplated thereby, (3) take all further actions as may be necessary or appropriate for the purposes of assigning, transferring, granting, conveying, encumbering or transferring the Debtor's property as contemplated by the Agreement, and (4) take such other and further steps as are contemplated by the Agreement or reasonably required to fulfill the Trustee's obligations under the Agreement, all without further order of the Court;

    D.    The sale of the Property shall be free and clear of the ownership interests of the Record Owner, and his predecessors and successors in interest; any unrecorded equitable or legal interests in the Property asserted by any person or entity, or their respective predecessors and successors in interest, unless such interests would be superior to the rights of the Trustee under 11 U.S.C. § 544(a)(3); the claims or interests asserted by any person or entity, or their respective predecessors and successors in interest, against the Estate which do not constitute liens against or interests in the Property; and the claims or interests asserted by any person or entity, or their respective predecessors and successors in interest, evidenced by the liens, encumbrances and interests of record set forth below:

    1.    Deed of Trust, recorded January 29, 1999 in County Clerk's File No. 99006821, of the Official Public Records of Montgomery County, Texas. Deed of Trust secures a Promissory Note in amount of $2,500,000. Grantor is Conroe Investors, Ltd., Beneficiary is International Bank of Commerce.

A modification of the foregoing Note and Deed of Trust as recorded on September 23, 2002 in County Clerk's File No. 2002-098995 of the Public Records of Montgomery County, Texas.

BN 12616789v2

|   |   |   |
|---|---|---|
| 1 | | An assignment of the foregoing Note and Deed of Trust to |
| 2 | | Syndicate Exchange Corporation, a Texas corporation, recorded |
| 3 | | October 26, 2004 in 2004119266 of the Public records of |
| 4 | | Montgomery County, Texas. |
| 5 | | |
| 6 | 2. | Earnest money contract by and between Dreamscape Land Development, Inc. and |
| 7 | | David Silberstein as shown in County Clerk's File No. 2008-113975, Official |
| 8 | | Records of Montgomery County, Texas. |
| 9 | 3. | Any claim for taxes as asserted by Montgomery County, Texas. |

10  Except as authorized for payment hereby, each lien, encumbrance or interest identified
11 above shall attach, as adequate protection to the holder thereof pursuant to 11 U.S.C. § 363(e), to
12 the net proceeds of sale, after (i) payment of all costs of sale, and (ii) satisfaction of those liens
13 and encumbrances authorized for payment hereby, with the same extent, validity and priority, if
14 any, as such lien, encumbrance, or interest now has with respect to the Property, subject to any
15 and all defenses, offsets, counterclaims and/or other rights of any party relating thereto;

16  E.  The Trustee is hereby authorized to pay all other reasonable and customary escrow
17 fees, recording fees, title insurance premiums, and closing costs necessary and proper to conclude
18 the sale of the Property;

19  F.  This Court shall and hereby does retain jurisdiction to (1) enforce and implement
20 the terms and provisions of the Agreement, all amendments thereto, any waivers and consents
21 thereunder, and any other supplemental documents or agreements executed in connection
22 therewith; (2) compel delivery and payment of the consideration provided for under the
23 Agreement; (3) resolve any disputes, controversies or claims arising out of or relating to the
24 Agreement; and (4) interpret, implement, and enforce the provisions of this Order;

25  G.  Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective
26 immediately;

27  H.  Pursuant to 11 U.S.C. § 363(m), absent a stay of this Order pending appeal, the
28 reversal or modification on appeal of this Order, or any provision thereof, shall not affect the

BN 12616789v2

validity of the sale transaction approved hereby which is consummated prior to such stay, reversal or modification on appeal; and

  I.  The validity of the sale approved hereby shall not be affected by the appointment of a trustee or successor trustee, the dismissal of the above-captioned case, or its conversion to another chapter under title 11 of the United States Code.

###

DATED: November 8, 2012

_____
United States Bankruptcy Judge

BN 12616789v2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

BUCHALTER NEMER, A Professional Corporation, 1000 Wilshire Blvd, Ste. 1500, Los Angeles, CA 90017

A true and correct copy of the foregoing document entitled (*specify*): **AMENDED ORDER GRANTING TRUSTEE'S MOTION FOR ORDER: (1) APPROVING SALE PROCEDURES IN CONNECTION WITH SALE OF DEBTOR'S INTEREST IN CERTAIN RESIDENTIAL REAL PROPERTY;  (2) AUTHORIZING TRUSTEE TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS; AND (3) GRANTING RELATED RELIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **November 6, 2012**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **November 6, 2012**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **November 6, 2012**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
**VIA EMAIL**
Raymond H Aver     ray@averlaw.com
Austin K Barron     abarron@buchalter.com, IFS_filing@buchalter.com;tcarson@buchalter.com
John P Dillman     houston_bankruptcy@publicans.com
John W Kim     jkim@nossaman.com
Dennis E Mcgoldrick     dmcgoldricklaw@yahoo.com
Benjamin Seigel     bseigel@buchalter.com, IFS_filing@buchalter.com
David Seror (TR)     kpscion@ebg-law.com, dseror@ecf.epiqsystems.com
David R Silberstein     , drs1@pacbell.net
Gerald N Silver     silverlawoffice@sbcglobal.net
United States Trustee (SV)     ustpregion16.wh.ecf@usdoj.gov

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 6, 2012 | Teri Carson | /s/ Teri Carson |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

BN 12616789v2

**3. SERVED BY PERSONAL DELIVERY**:

Hon. Maureen A. Tighe
U.S. Bankruptcy Court
21041 Burbank Blvd., Room 325
Woodland Hills, CA 91367-6606

**2. SERVED BY UNITED STATES MAIL**:

*Counsel for Montgomery County*
John P. Dillman
Tara L. Grundemeier
Linebarger Goggan Blair & Sampson, LLP
P.O. Box 3064
Houston, TX 77253-3064

*Debtor*
Double S Development LLP
PO Box 10238
Palm Desert CA 92255-0238

*Purchaser*
LCVM, LLC
c/o Ron Regwan
1875 Century Park East, Suite 700
Los Angeles, CA 90067

**Interested Parties**

David Silberstein
c/o Syndicate Exchange Corp
P.O. Box 10238
Palm Desert ,CA 92255-0238

David Silberstein
P.O. Box 10238
Palm Desert ,CA 92255-0238

DREAMSCAPE LAND DEVELOPMENT INC.
Bruce Allegar, Attorney at Law
P.O. Box 2334
Conroe, Texas 77305

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
BN 12616789v2

**F 9013-3.1.PROOF.SERVICE**

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*)**: AMENDED ORDER GRANTING TRUSTEE'S MOTION FOR ORDER: (1) APPROVING SALE PROCEDURES IN CONNECTION WITH SALE OF DEBTOR'S INTEREST IN CERTAIN RESIDENTIAL REAL PROPERTY; (2) AUTHORIZING TRUSTEE TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS; AND (3) GRANTING RELATED RELIEF** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner stated below:

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** – Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of (*date*) **November 6, 2012**, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

Raymond H Aver    ray@averlaw.com
Austin K Barron    abarron@buchalter.com, IFS_filing@buchalter.com;tcarson@buchalter.com
John P Dillman    houston_bankruptcy@publicans.com
John W Kim    jkim@nossaman.com
Dennis E Mcgoldrick    dmcgoldricklaw@yahoo.com
Benjamin Seigel    bseigel@buchalter.com, IFS_filing@buchalter.com
David Seror (TR)    kpscion@ebg-law.com, dseror@ecf.epiqsystems.com
David R Silberstein    , drs1@pacbell.net
Gerald N Silver    silverlawoffice@sbcglobal.net
United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
Angella D Yates    ayates@buchalter.com

☐ Service information continued on attached page

**2. SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

Debtor
Double S Development LLP
PO Box 10238
Palm Desert CA 92255-0238

☐ Service information continued on attached page

**3. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9021-1.1.NOTICE.ENTERED.ORDER**
BN 12616789v2